UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRIFFIN KNIGHT,

        Plaintiff,

v.

SHERRY ALLEN-SABO,

        Defendant.
_____/

Case No. 08-14690

Stephen J. Murphy, III
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION
DISMISSAL FOR FAILURE TO PROSECUTE AND
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 21)**

**I.    PROCEDURAL HISTORY**

On November 5, 2008, *pro se* plaintiff Griffin Knight filed a complaint, requesting a preliminary injunction, against eviction from his apartment. (Dkt. 1). Plaintiff also applied for *in forma pauperis* status, which was granted on November 19, 2008. (Dkt. 2, 4). This matter was referred to the undersigned for all pretrial purposes by District Judge Steven J. Murphy, III. (Dkt. 3). Given plaintiff's request for injunctive relief, the Court contacted the parties regarding conducting a hearing immediately, even though the complaint was not yet served. A telephonic hearing was conducted on November 24, 2008, with plaintiff, defendant, and counsel for defendant. Unfortunately, plaintiff was unable to hear

the proceedings and the Court adjourned the hearing. Defendant agreed to adjourn the state court eviction proceeding until this Court made a decision on plaintiff's request for preliminary injunctive relief. The Court rescheduled the hearing for December 3, 2008. On November 26, 2008, defendant filed a written response to plaintiff's motion for injunctive relief. (Dkt. 6).

Plaintiff appeared at the December 3, 2008 hearing in-person and defendant's counsel appeared by telephone. The Court permitted plaintiff to argue the basis for his motion for preliminary injunction at length and also permitted him additional time to submit any additional written materials by December 8, 2008. On December 11, 2008, defendant filed an answer to the complaint with affirmative defenses. (Dkt. 7). The Court received no further supportive materials from plaintiff.[1] On December 15, 2008, the undersigned recommendation that plaintiff's motion for preliminary injunction be denied. (Dkt. 8). The District Court has not yet resolved plaintiff's objections to this recommendation.[2]

---

[1] The Court received a letter from plaintiff stating that he did not understand what occurred at the hearing on December 3, 2008.

[2] In addition to objections, plaintiff also filed an appeal to the Sixth Circuit Court of Appeals. (Dkt. 12). On March 5, 2009, the Sixth Circuit dismissed the appeal for want of jurisdiction and denied plaintiff's motion for reconsideration on May 13, 2009. (Dkt. 30, 33).

On January 30, 2009, defendant filed a motion for summary judgment. (Dkt. 21, 23). On February 12, 2009, the Court ordered plaintiff to respond to defendant's motion by March 9, 2009. (Dkt. 29). Plaintiff did not file a response. On June 12, 2009, the Court ordered plaintiff to show cause, by June 29, 2009, why this matter should not be dismissed for failure to prosecute. (Dkt. 34). Plaintiff has not responded to the show cause order.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice for failure to prosecute. The undersigned further recommends that defendant's motion for summary judgment be **DENIED** as moot.

## II.     ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).  "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*).  Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).  And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Tetro*, 173 F.3d at 992.

4

Report and Recommendation
Dismissal and Motion for Summary Judgment
*Knight v. Allen-Sabo*; 08-14690

In this case, plaintiff ignored the orders of this Court and violated both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan. The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In this case, the Court plainly warned plaintiff that his case would be dismissed with prejudice if he again failed to respond to an order of the Court. (Dkt. 34). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's complete failure to

participate in this case for nearly six months at the district court level and the denial of all relief in the Court of Appeals nearly two months ago, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White,* at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White,* at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Under the circumstances, the undersigned suggests that dismissal with prejudice is appropriate.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice. The undersigned further recommends that defendant's motion for summary judgment be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service,

as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

   Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 6, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on <u>July 6, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Douglas A. Hyman</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Griffin Knight, 1545 Woodward, Apt. # 703, Detroit, MI 48226</u>.

                                                          s/James P. Peltier
                                                          Courtroom Deputy Clerk
                                                          U.S. District Court
                                                          600 Church Street
                                                          Flint, MI 48502
                                                          (810) 341-7850
                                                          pete_peltier@mied.uscourts.gov